ESTATE OF MARVIN F. PULLIN, DECEASED, BENHAM M. BLACK, EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 18606–82. Filed May 1, 1985

*Benham M. Black,* for the petitioner.
*T. Keith Fogg* and *Scott Anderson,* for the respondent.

OPINION

GOFFE, *Judge:* The Commissioner determined a deficiency in petitioner's Federal estate tax in the amount of $9,303.25. The sole issue for our decision[1] is whether the written agreement filed by an estate, in electing the special valuation of farm property as required by section 2032A(a)(1)(B)[2] and section 2032A(d)(2), must be executed not only by the beneficiaries of the decedent's estate but also by persons who were tenants in common with the decedent in such farm property but who did not receive, under the terms of decedent's will or otherwise, any interest in the property from the decedent.

This case was submitted fully stipulated pursuant to Rule 122 of the Tax Court Rules of Practice and Procedure. The stipulation of facts and joint exhibits are incorporated herein by this reference. The pertinent facts are summarized below.

Marvin F. Pullin (decedent or Mr. Pullin) died on August 3, 1978. He was survived by his daughter, Linda P. Napier, and two grandchildren, Daniel Allen Napier and Jana LaJoy Napier.

At the time of his death, decedent and his brother, Theodore Pullin (hereinafter Theodore), were tenants in common without the right of survivorship in 96.38 acres of farm property located in Augusta County, Virginia, known as the Morris Mill

---

[1]The parties have stipulated that petitioner is entitled to claim additional administrative expenses under sec. 2053. This stipulation will be given effect in the Rule 155 computation.

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended and in effect at the time of the decedent's death, Aug. 3, 1978.

Road Farm. The undivided interests of decedent and Theodore were two-thirds and one-third, respectively. Theodore was not a beneficiary under decedent's will.

Decedent and his sister, Bertie P. Parsons (hereinafter Bertie), were, at the time of decedent's death, tenants in common without the right to survivorship in 139.64 acres of farm property also located in Augusta County, Virginia, known as the Frog Pond Farm. The undivided interests of decedent and his sister were one-half each. Bertie was not a beneficiary under decedent's will.

The decedent bequeathed an undivided one-third of his interest in all real estate to his daughter, Linda P. Napier, and the remainder to his grandchildren in equal shares (in trust if not having attained the age of 18 at the date of death of decedent). After decedent's death, the two-thirds interest was transferred to trustees of a trust for the benefit of decedent's two grandchildren.

Both of the farm properties constitute "qualified real property" under section 2032A(b) entitling petitioner to utilize the "special use valuation" provisions for estate tax purposes.

Petitioner timely filed an election for special use valuation of the farm property. Respondent agrees that the election is proper in all respects except for the failure of the surviving tenants in common to execute the agreement, which agreement is prescribed in section 2032A(d)(2) of the Code.

The sole question presented for our decision, therefore, is whether petitioner is entitled to value the farm property under the special use valuation provisions without including the signatures of the surviving tenants in common on the agreement prescribed by section 2032A(d)(2) of the Code.

In order to qualify for special use valuation, section 2032A(a)(1)(B) requires the following:

(B) the executor elects the application of this section and files the agreement referred to in subsection (d)(2).

Section 2032A(d)(2), in turn, provides:

(d) ELECTION; AGREEMENT.—

\* \* \* \* \* \* \*

(2) AGREEMENT.—The agreement referred to in this paragraph is a written agreement signed by each person in being who has an interest (whether or not in possession) in any property designated in such agreement consenting to the application of subsection (c) with respect to such property.

## Section 20.2032A–8(c)(2), Estate Tax Regs.,[3] provides:

(2) *Persons having an interest in designated property. An interest in property is an interest which, as of the date of the decedent's death, can be asserted under applicable local law so as to affect the disposition of the specially valued property by the estate.* Any person in being at the death of the decedent who has any such interest in the property, whether present or future, or vested or contingent, must enter into the agreement. Included among such persons are owners of remainder and executory interests, the holders of general or special powers of appointment, beneficiaries of a gift over in default of exercise of any such power, *co-tenants*, joint tenants and *holders of other undivided interests when the decedent held only a joint or undivided interest in the property* or when only an undivided interest is specially valued, and trustees of trusts holding any interest in the property. An heir who has the power under local law to caveat (challenge) a will and thereby affect disposition of the property is not, however, considered to be a person with an interest in property under section 2032A solely by reason of that right. Likewise, creditors of an estate are not such persons solely by reason of their status as creditors. [Emphasis added.]

We must decide whether the surviving tenants in common had an interest in the farm property subject to the special use valuation. If they did, they were required by section 2032A(d)(2) of the Code, quoted above, to execute the agreement to consent to the application of section 2032A(c) of the Code.

Section 2032A(d)(2) refers only to property designated in the agreement. The only property designated in the agreement, indeed, the only property subject to estate tax, is the property owned by the decedent. He did not hold the entire interest in the property. His interest was only a two-thirds interest as tenant in common in the Morris Mill Road Farm and one-half interest as tenant in common in the Frog Pond Farm. Only the value of his interest is includable in the gross estate. Sec. 2033. The special use valuation provisions can apply only to his interest.

---

[3]Although the regulations involved in this case were adopted after the death of decedent, they are applicable to estates of decedents who died after Dec. 31, 1976. T.D. 7710, 1980–2 C.B. 254.

The basis for gain or loss of property acquired from a decedent or passing from a decedent is, inter alia, the value determined for estate tax purposes under section 2032A. Sec. 1014(a)(3). The devisees under Mr. Pullin's will, upon distribution of the decedent's interests in the farm property, will have a basis for gain or loss equal to the value we ultimately determine for Mr. Pullin's interest for estate tax purposes. Sec. 1014(a).

The bases for gain or loss of the interests of Theodore and Bertie in the farm property as surviving tenants in common remain unchanged as a result of the death of Mr. Pullin. Neither individual incurred any liability for estate tax as a result of the death of their co-tenant, nor do they get a stepped-up basis for their interests.

The special use valuation provisions apply only to the value of "qualified real property." Sec. 2032A(a)(1). "Qualified real property" is defined as real property located in the United States which was acquired from a decedent or passed from a decedent to a qualified heir. The only "qualified real property" for which the estate elected special use valuation was Mr. Pullin's tenancies in common in the farm property. The entire fee simple in the farm property cannot be "qualified real property" because only the *decedent's* tenancies in common pass from the decedent to qualified heirs. The tenancies in common owned by decedent's brother and sister who survived him were owned by them prior to Mr. Pullin's death and those interests remained unchanged and unaffected by the death of Mr. Pullin. Those interests were not acquired from Mr. Pullin nor did they pass from Mr. Pullin to his brother or sister, the surviving tenants in common. Moreover, the surviving tenants in common are not "qualified heirs" under section 2032A(e) not only because they did not acquire their interest from the decedent [section 2032A(e)(1)] but also because they are not "heirs" under Virginia law. They received nothing under the will of Mr. Pullin and they received nothing from his estate. Even if Mr. Pullin died intestate they would not be heirs at law because Mr. Pullin was survived by a daughter. Va. Code Ann. sec. 64.1-1 (Supp. 1979).

We, therefore, construe section 2032A(d)(2) of the Code to be as follows: "property designated in such agreement" means the interest that the decedent owned which is subject to the

estate tax and the special use valuation. Because the surviving tenants in common had no interest in the "designated property" they were not required to execute the agreement by reason of the language of section 2032A(d)(2) of the Code.

We next turn to section 20.2032A–8(c)(2), Estate Tax Regs., (quoted above) to decide whether the surviving tenants in common are described there. The first sentence reads as follows:

An interest in property is an interest which, as of the date of the decedent's death, can be asserted under applicable local law so as to affect the disposition of the specially valued property of the estate.

In keeping with our interpretation of section 2032A(d)(2) of the Code above, we likewise hold that the specially valued property consists of the decedent's tenancies in common in the farm property. This sentence of the regulations buttresses our conclusion reached above because it refers to disposition *of the property* by the estate. The estate can only dispose of the decedent's tenancies in common because the estate owns nothing more.

The rights of a tenant in common to convey his rights by deed or will are best described in Michie's Jurisprudence of Virginia and West Virginia (1976 & Supp. 1984), the most widely accepted treatise on the subject (hereinafter cited as M.J.).

Sec. 12. *Conveyance by One of Common Property.* A tenant in common has the power to convey his undivided interest, and a deed from a tenant in common carries to the grantee only an undivided interest in the property, no matter by what description the property is conveyed. Thus, where the title to the land held in common is conveyed to one of the joint owners and he, reciting that he owns the whole, conveys one half of it to a third person and purports to convey the upper moiety, it will be held that the deed passes only an equal undivided moiety of the common subject, and that the other joint owner and the grantee hold in common the whole subject and every part thereof. In short, persons deriving title from one cotenant will be regarded as tenants in common with the other cotenant.

Where a cotenant conveys his undivided interest in the lands held in common without the knowledge or consent of his companions in interest, the grantee in the deed is a tenant in common in the land with all the rights and obligations of his grantor with reference thereto.

[5A M.J., Cotenancy, sec. 12. Fn. ref. omitted.]

"The central characteristics of a tenancy in common is simply that each tenant is deemed to own by himself, with most of the attributes of individual ownership, a physically undivided part of the entire parcel." 5A M.J., Cotenancy, sec. 5.

Any co-tenant in Virginia has the right to compel partition of the land under Virginia law. Va. Code Ann. sec. 8.01–82 (Supp. 1979).

The interests of the surviving tenants in common cannot affect the disposition by the estate of the decedent's tenancies in common in the farm property. In the instant case such interests were devised to Mr. Pullin's daughter and grandchildren. Upon appropriate conveyances by the executor of petitioner, the devisees will be substituted for Mr. Pullin as tenants in common with Theodore and Bertie. Accordingly, we conclude that the first sentence of section 20.2032A–8(c)(2), Estate Tax Regs., does not include the surviving tenants in common. Theodore and Bertie are not, therefore, required to execute the agreement prescribed by section 2032A(d) of the Code by reason of this sentence in the regulations.

Finally, we turn again to section 20.2032A–8)(c)(2), Estate Tax Regs., which includes in the definition of persons having an interest in the designated property, "co-tenants." The surviving tenants in common are co-tenants. Petitioner contends that the inclusion of that term in the regulations renders them invalid as to the surviving tenants in common. Respondent disagrees.

Treasury regulations "must be sustained unless unreasonable and plainly inconsistent with the revenue statutes." *Commissioner v. South Texas Lumber Co.*, 333 U.S. 496, 501 (1948).

Section 2032A(d)(1) provides as follows:

SEC. 2032A(d). ELECTION; AGREEMENT.—

(1) ELECTION.—The election under this section shall be made not later than the time prescribed by section 6075(a) for filing the return of tax imposed by section 2001 (including extensions thereof), and shall be made *in such manner* as the Secretary or his delegate shall by regulations prescribed. [Emphasis added.]

Treasury regulations are either "legislative" or "interpretative." Section 2032A(d)(1) (quoted above) specifically grants to

the Secretary of the Treasury[4] authority to prescribe regulations as to the *manner* of making the election. Section 2032A(d)(2), on the other hand, grants no such authority to the Secretary. He has no specific authority to prescribe regulations as to the contents of the agreement.

Inasmuch as Congress did not specifically delegate the power to the Secretary to prescribe who would be considered to have an interest in the property, the power of the Secretary, by regulation, to require all "co-tenants" to execute the agreement is derived, if at all, from the general power granted to the Secretary to prescribe regulations under section 7805. That section grants to the Secretary the power to prescribe all "needful" regulations. However, regulations promulgated under the authority of section 7805 are merely interpretative, not legislative. *United States v. Vogel Fertilizer Co.*, 455 U.S. 16 (1982); *State of Washington v. Commissioner*, 77 T.C. 656 (1981), affd. 692 F.2d 128 (D.C. Cir. 1982). Interpretative regulations are entitled to less weight than legislative regulations. *Estate of Boeshore v. Commissioner*, 78 T.C. 523 (1982); *BBS Associates, Inc. v. Commissioner*, 74 T.C. 1118, 1132 (1980), affd. without published opinion 661 F.2d 913 (3d Cir. 1981).

Section 2032A(d)(2) of the Code does not contain the term, "co-tenant." Where the provisions of the statute are unambiguous and its directive specific, the Commissioner has no power to amend it by regulation. *Koshland v. Helvering*, 298 U.S. 441, 447 (1936); *Edward L. Stephenson Trust v. Commissioner*, 81 T.C. 283, 288 (1983). By requiring all co-tenants to execute the agreement, the regulations have imposed an additional condition on the election which is not supported by statutory authority.

The interests which the surviving tenants in common had in the farm property were unchanged by the death of Mr. Pullin, only the identity of their tenants in common changed. The estate tax and potential reduction in estate tax due to special use valuation under section 2032A triggered by the death of their tenant in common, Mr. Pullin, did not alter the property rights of the surviving tenants in common or subject them to estate tax imposed on the property rights of Mr. Pullin which

[4]Sec. 7701(a)(11)(B) defines "secretary" as the Secretary of the Treasury or his delegate.

passed to qualified heirs by reason of his death. If the interests of the surviving tenants in common are subject to recapture of "additional" estate tax under section 2032A(c), there must be a clear indication in the law that Congress, for the first time, is subjecting to the estate tax, or additional estate tax, interests in property owned by persons other than the decedent. Such congressional intent is lacking. Even if Congress indicated such an intent, it would be inconsistent with section 2033. Section 2033, which Mertens refers to as the "generic section," has remained virtually unchanged since enacted as section 202(a) of the Revenue Act of 1916. 2 J. Mertens, Law of Federal Gift and Estate Taxation, sec. 13.01, at 31 (1959). Indeed, if Congress sought to subject to the estate tax interests in property other than those owned by the decedent, it would have done so in unmistakable terms.

If petitioners must execute the agreement to be bound by the recapture provisions and if "qualified property" includes the interests of the surviving tenants in common as respondent contends, execution of the agreement would subject the property interests of the surviving tenants in common to additional estate tax.

The term, "co-tenant," in section 20.2032A–8(c)(2), Estate Tax Regs., as applied to surviving tenants in common is contrary to the Code and, therefore, invalid. *United States v. Cartwright*, 411 U.S. 546, 557 (1973); *Morris v. Commissioner*, 70 T.C. 959, 998 (1978). A regulation is not a reasonable statutory interpretation unless it harmonizes with the statute's "origin and purpose." *United States v. Vogel Fertilizer Co., supra* at 26; *National Muffler Dealers Association, Inc. v. United States*, 440 U.S. 472, 477 (1979).

In contending that the regulation is valid, respondent relies upon the following language of the report of the staff of the Joint Committee on Taxation:

One of the requirements for making a valid election is the filing with the estate tax return *a written agreement signed by each person in being who has an interest* (whether or not in possession) *in any qualified real property* with respect to which the use valuation is elected. *This agreement must evidence the consent of each of these parties to the application of the recapture tax provisions to the property.* [Tax Reform Act of 1976, Pub. L. 94–455, 90 Stat. 1520; Staff of the Joint Comm. on Taxation, General Explanation of the Tax Reform Act of 1976, 1976-3 C.B. (Vol. 2) 554–555; emphasis added.]

The staff then goes on to separately discuss the effect of the consent of the qualified heirs stating—

such a consent also amounts to a consent to be personally liable for any recapture tax imposed with respect to the qualified heir's interest in the qualified property. [1976–3 C.B. (Vol. 2), *supra* at 555.]

The staff of the Joint Committee must have been referring only to the interest in such property which is includable in the decedent's estate because section 2032A(c) makes no mention of liability for the recapture of tax other than from qualified heirs. In any event, there is nothing in the legislative history to suggest that surviving tenants in common would be subjected to such liability.

Our opinion is limited to surviving tenants in common which is the only situation before us. We express no opinion as to joint tenants with right of survivorship. As joint tenants are specifically enumerated in section 20.2032A–8(c)(2), Estate Tax Regs., they would not be included in the term "co-tenants" appearing in the same sentence. Likewise we express no opinion as to community property which is specifically covered by section 2032A(e)(10).

Surviving tenants in common are not required to execute the agreement required by section 2032A(c) because there is no statutory authority for such a requirement and, therefore, the requirement of section 20.2032A–8(c)(2), Estate Tax Regs., including them as "co-tenants" is invalid as to them. The election filed by petitioner is valid and petitioner is entitled to the special use valuation of decedent's interests in the designated farm property.

*Decision will be entered under Rule 155.*

Reviewed by the Court.

FAY, STERRETT, WILBUR, CHABOT, PARKER, WHITAKER, KÖRNER, SHIELDS, HAMBLEN, COHEN, CLAPP, SWIFT, JACOBS, and WRIGHT, *JJ.*, agree with the majority opinion.

NIMS and GERBER, *JJ.*, did not participate in the consideration of this case.

DAWSON, *Chief Judge*, dissenting: I respectfully disagree with the majority opinion. In an attempt to reach what it perceives to be an equitable result, the majority engages in too narrow an interpretation of the language of section 2032A(d)(2). This interpretation results in an inequity to the other parties involved—the surviving tenants in common.

In order to qualify for special use valuation under section 2032A(d)(2), an executor must file a—

written agreement *signed by each person in being who has an interest * * * in any property* designated in such agreement consenting to the application of subsection (c) with respect to such property. [Emphasis added.]

Section 20.2032A–8(c)(2), Estate Tax Regs., designates those persons with an interest in property as follows:

(2) *Persons having an interest in designated property.* An interest in property is an interest which, as of the date of the decedent's death, can be asserted under applicable local law so as to affect the disposition of the specially valued property by the estate. Any person in being at the death of the decedent who has any such interest in the property, whether present or future, or vested or contingent, must enter into the agreement. *Included among such persons are* owners of remainder and executory interests, the holders of general or special powers of appointment, beneficiaries of a gift over in default of exercise of any such power, *co-tenants, joint tenants and holders of other undivided interests when the decedent held only a joint or undivided interest in the property or when only an undivided interest is specially valued,* and trustees of trusts holding any interest in the property. An heir who has the power under local law to caveat (challenge) a will and thereby affect disposition of the property is not, however, considered to be a person with an interest in property under section 2032A solely by reason of that right. Likewise, creditors of an estate are not such persons solely by reason of their status as creditors. [Emphasis added.]

The rules governing the effect of the signing of the agreement by persons with an interest in property are provided in section 20.2032A–8(c)(1), Estate Tax Regs., as follows:

(c) *Agreement to special valuation by persons with an interest in property*— (1) *In general.* The agreement required under section 2032A(a)(1)(B) and (d)(2) must be executed by all parties who have any interest in the property being valued based on its qualified use as of the date of the decedent's death. *In the case of a qualified heir, the agreement must express consent to personal liability* under section 2032A(c) in the event of certain early disposition of the property or early cessation of the qualified use. See section 2032A(c)(6). *In the case of parties (other than qualified heirs) with interests in the property, the agreement must express consent to collection of any additional*

*estate tax imposed under section 2032A(c) from the qualified property.* The agreement is to be in a form that is binding on all parties having an interest in the property. It must designate an agent with satisfactory evidence of authority to act for the parties to the agreement in all dealings with the Internal Revenue Service on matters arising under section 2032A and must indicate the address of that agent. [Emphasis added.]

The majority narrowly interprets the reference to property in section 2032A(d)(2) to apply only to property owned by the decedent. I think the language of section 2032A(d)(2) is broader and necessarily so. I view the purpose of section 2032A(d)(2) as providing *notice* to all parties with an interest in the property that there is a possibility the property could later be subject to recapture tax. I agree with the majority that the surviving tenants in common herein would not be personally liable for the recapture tax. Respondent has not argued that they would be personally liable and the regulations clearly and properly do not provide for personal liability. However, their interest in the property may be affected by the recapture tax because of the nature of a tenancy in common, i.e., the entire property may have to be sold at a partition sale to satisfy the recapture tax.

In addition, the property the decedent owns is the interest of a tenant in common and, as the majority notes, each tenant in common is deemed to own "a physically undivided part of the entire parcel." Therefore, by definition, the decedent's interest is intertwined with that of the surviving tenants in common. To support its view that the other tenants in common had no interest in the decedent's property, the majority points out that the property interest of the surviving tenants in common was unaffected by the decedent's death, e.g., their bases remained the same and they incurred no liability for the decedent's estate tax. While I agree with this statement, it is irrelevant to the crucial factor here and that is that the property of the other tenants in common is affected by the section 2032A election.

Under the majority's view, the following scenario is possible. The decedent's estate could elect and qualify for a special use valuation under section 2032A without informing the other tenants in common. Once the election is made, a lien is imposed upon the property pursuant to section 6324B. The estate could then, for some reason, cease its qualified use of the

property. To satisfy its lien, the Government could then sell the property pursuant to section 7403. Since the property herein is held as a tenancy in common, the entire property would have to be sold at a partition sale. Although the other tenants in common would receive their share of the proceeds from such involuntary sale, it is likely that the amount they receive for their interest will be less than they could have received otherwise.

This scenario is not totally unrealistic because a similar situation may be found in *Rodgers v. United States*, 461 U.S. 677 (1983). In *Rodgers*, a husband and wife held a homestead interest in joint tenancy. The husband died and the wife remarried. A Federal District Court ordered the sale of the family home pursuant to section 7403 to meet the separate debts of the husband's estate. The Supreme Court was faced with the question of whether a family home, in which a delinquent taxpayer had an interest at the time he incurred his indebtedness but in which the taxpayer's spouse, who did not owe any of that indebtedness, also had a separate homestead right, could be sold to meet the delinquent taxpayer's separate debts. The Supreme Court upheld the sale based upon the supremacy of Federal law, noting that section 7403 provided for a sale of the property. It rejected any claim of Fifth Amendment conflicts because the wife received money for her interest in the property.

Here the majority ignores the possibility of this scenario perhaps for fear that the other co-tenants would refuse to sign the agreement and prevent the special use valuation. I do not think this fear should motivate our actions. The tax code cannot act to anticipate and resolve family disharmony. In such cases, the decedent's estate could act to partition the property and then elect a special valuation for its portion.

In reaching its result, the majority holds that section 20.2032A–8(c)(2), Estate Tax Regs., is invalid. It adopts a narrow view of section 2032A(d)(1), stating that section 2032A(d)(1) only grants authority to the Secretary to prescribe regulations as to the *manner* of making an election under 2032A. It concludes that the Secretary's authority to prescribe regulations as to the *contents* of the agreement must be derived from section 7805, making section 20.2032A–8(c)(2),

Estate Tax Regs., an interpretative rather than a legislative regulation.

This is a strained construction of section 2032A(d)(1) which is used by the majority to make it easier to invalidate the regulation. But regardless of whether the regulation is legislative or interpretative, I think the regulation is a reasonable interpretation of the statute. The Secretary promulgated section 20.2032A–8(c)(2), Estate Tax Regs., to provide guidance as to the persons who should sign the agreement under section 2032A. In this task the Secretary was guided by the very broad language of section 2032A(b)(2) and by the legislative history. The legislative history does not specifically define who is considered to be a "person with an interest in property." However, the comments of the Joint Committee staff suggest that two such types of persons are envisioned: (1) Qualified heirs, and (2) other persons with an interest. See Staff of Joint Comm. on Taxation, General Explanation of the Tax Reform Act of 1976, 1976–3 C.B. (Vol. 2) 554–555. The Secretary, no doubt, realized the danger in a narrow interpretation of who held an interest in property. Accordingly, the Secretary has expressly included the situation herein of "co-tenants" of an undivided interest holding with the decedent in section 20.2032A–8(c)(2), Estate Tax Regs., as persons with an interest who must sign the agreement.[1] This regulation should be upheld unless it is found to be unreasonable and plainly inconsistent with section 2032A. *Edward L. Stephenson Trust Co. v. Commissioner*, 81 T.C. 283, 287 (1983).

Because of the broad language of section 2032A, the comments of the Joint Committee staff, and the possible injustice that can occur to the surviving co-tenants, I think section 20.2032A–8(c)(2), Estate Tax Regs., is reasonable and is not in conflict with the words of the statute. I would sustain the validity of the regulation, and not upset established procedures which have been followed and accepted in the past.

In my judgment, the language of section 2032A(d)(2) should be broadly interpreted to protect *all* parties involved, not just the petitioner herein. The decedent's estate reaps a substantial benefit under the special use valuation of section 2032A. To

---

[1] This regulation is cited without comment in R. Stephens, G. Maxfield & S. Lind, Federal Estate and Gift Taxation, par. 4.04[6] (5th ed. 1983), and 5 B. Bittker, Federal Taxation of Income, Estates and Gifts, sec. 132.6.9 (1981 rev.).

obtain the benefit of the election, all that the estate had to do was file an agreement signed by all the persons with an interest in the property. This is certainly a slight burden compared to the benefit the estate would receive. I stress that this is an elective provision and, if the estate expects to enjoy its benefits, it should be required to go through the "hoops" specified by the reasonable procedures of the regulation.

For the reasons stated above, I would hold for the respondent.

SIMPSON, *J.*, agrees with this dissent.